UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5317 DMG(JC) | Date | June 28, 2011 |
|---|---|---|---|
| Title | Hung Si Vuong v. G. Hall, Warden | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| none present | none present |

**Proceedings:** (IN CHAMBERS)

**ORDER DIRECTING RESPONDENT TO: (1) FILE WITH THE COURT A DECLARATION FROM PETITIONER'S TRIAL COUNSEL; AND (2) LODGE WITH THE COURT A COMPLETE COPY OF PETITIONER'S PLEA FORM**

On August 15, 2007, Hung Si Vuong ("petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254, raising two grounds for relief, the first of which has multiple subclaims. Petitioner asserts: (1) he was denied the effective assistance of counsel when defense counsel: (a) failed to investigate and request all evidence; (b) failed to request that the judge who took petitioner's no contest plea strike petitioner's prior conviction under People v. Superior Court (Romero), 13 Cal. 4th 497 (1996); (c) failed to obtain a continuance; (d) gave petitioner erroneous advice that he could appeal his conviction; (e) failed to file a notice of appeal; and (f) failed to inform him of an earlier plea offer; and (2) the trial court committed judicial misconduct in inducing petitioner to enter a no contest plea under duress and in making "racial" comments to petitioner, and petitioner's no contest plea was not voluntary due to the trial court's threats and the short period of time he had to consider the plea offer. (Petition at 5).

On January 30, 2008, respondent filed an Answer and a supporting memorandum ("Answer"). On March 27, 2008, petitioner filed a Traverse. Petitioner has requested an evidentiary hearing and the appointment of counsel. See Traverse at 3. It would assist the Court in its assessment of petitioner's ineffective assistance of counsel arguments, if respondent were able to obtain a declaration from petitioner's trial counsel regarding petitioner's allegations that counsel: (1) erroneously advised petitioner that petitioner could appeal later; and (2) failed to file a notice of appeal on petitioner's behalf despite petitioner's request that counsel do so in a timely manner. (Petition at 5).

**IT IS HEREBY ORDERED:**

1. Absent further order of the court, within thirty (30) days from the date of this order, respondent is directed to file a declaration from petitioner's trial counsel addressing the allegations contained in Ground One of the Petition that counsel: (1) gave petitioner erroneous advice that he could appeal his conviction; and (2) failed to file a notice of appeal. Petitioner is deemed to have waived the attorney-client privilege regarding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5317 DMG(JC) | Date | June 28, 2011 |
|---|---|---|---|
| Title | Hung Si Vuong v. G. Hall, Warden | | |

    communications with such counsel. The scope of this waiver is governed by <u>Bittaker v. Woodford</u>, 331 F.3d 715 (9th Cir.) (en banc), <u>cert. denied</u>, 540 U.S. 1013 (2003). If respondent is unable to obtain a declaration through due diligence, respondent shall so inform the court by filing a notice within (30) days from the date of this order, detailing respondent's efforts to obtain the declaration.

2. Within thirty (30) days from the date of this order, respondent is directed to lodge with the court the full plea form completed by petitioner. Respondent previously lodged with the court pages only pages 1 and 3 of this 4-page form. <u>See</u> Lodged Document 2 lodged with the Notice of Lodging on November 15, 2007 (lodging only partial document).

    Upon respondent's submission of the above-referenced items above, the Court will consider petitioner's request for an evidentiary hearing on that portion of Ground One of the Petition alleging petitioner's defense counsel failed to file a notice of appeal despite being requested to do so in light of <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 485-87 (2000) (remanding case for determination of whether counsel's failure to file a notice of appeal following guilty plea was deficient performance under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)), <u>United States v. Sandoval-Lopez</u>, 409 F.3d 1193, 1197-99 (9th Cir. 2005) (remanding case for evidentiary hearing under <u>Flores-Ortega</u> on issue of whether habeas petitioner told his counsel to appeal), and <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1398 (2011) (limiting to review under 28 U.S.C. § 2254(d)(1) to record that was before the state court).

    IT IS SO ORDERED.

| | |
|---|---|
| Initials of Deputy Clerk | hr |